```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                           CRIMINAL ACTION NO. 1:18-00016

MARLON BRICENO

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's emergency motion for compassionate release. (ECF No. 35.) Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), defendant requests compassionate release because of his alleged obesity, shortness of breath, and episodes of anxiety. The government opposes the motion. For the following reasons, the court will deny the motion.

### I.  Background

Defendant is 35 years old. His estimated height and weight make him somewhat obese and therefore, according to the U.S. Center for Disease Control and Prevention ("CDC"), at greater risk of developing a serious or fatal case of COVID-19. He also alleges that he has shortness of breath related to gunshot wounds that he sustained, and anxiety. During the pendency of this motion, defendant has received at least two doses of the Pfizer COVID-19 vaccine. (ECF No. 41.)

On June 20, 2012, defendant was convicted of conspiracy with intent to distribute, and to distribute 1-Benzylpiperazine ("BZP") and conspiracy to collect extension of credit by

extortionate means. The Honorable Patti B. Saris thereafter sentenced defendant to imprisonment to a term of 188 months, which was later reduced to 168 months.

On April 17, 2018, defendant pleaded guilty to possessing a prohibited object, a shank which was designed and intended to be used as a weapon. This court sentenced defendant to a subsequent term of imprisonment of 15 months, which was pursuant to a Rule 11(c)(1)(C) agreement. This was a variant sentence below the guideline range.

On November 24, 2020, Judge Saris granted defendant's motion for compassionate release, as to his 2012 conviction, contingent upon a favorable ruling from this court as to his 2018 conviction. It was undisputed at the hearing before Judge Saris that defendant was obese. (See ECF No. 35-6, at 3.) Judge Saris found that because defendant fell within this category, there were extraordinary and compelling reasons to grant a reduction in his term of imprisonment; the focus of the hearing was limited to consideration of the sentencing factors in 18 U.S.C. § 3553(a). (Id. at 4-5 ("All right, so, in my view, just so we don't waste time here, this now falls back on the 3553(a) factors because the way I've been interpreting it, it's extraordinary compelling if you are high risk in a COVID -- during the pandemic. So for future reference, it's not every

person who's overweight who gets out when COVID is over, but at least right now, that's how I'm thinking about it.").)

## II. Analysis

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment previously imposed if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is with applicable policy statements issued by the Sentencing Commission[.]"  See also United States v. McCoy, 981 F.3d 271, 280 (4th Cir. 2020).

The First Step Act empowers criminal defendants to ask courts to grant them compassionate release pursuant to 18 U.S.C § 3582(c).  But before they make such requests to the court, defendants must first ask BOP via the administrative process and give BOP thirty days to respond.  See id. § 3582(c)(1)(A).  Upon such a motion from BOP or from a defendant (after either BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment."  Id. § 3582(c)(1)(A)(i).  Here, defendant has exhausted his remedies and the court may consider his motion on the merits.

To warrant compassionate release, defendant must show that: (1) extraordinary and compelling reasons warrant a sentence reduction; and (2) the reduction satisfies the sentencing factors in 18 U.S.C. § 3553(a).  It is worth emphasizing that compassionate release is "an extraordinary and rare event."

3

United States v. Mangarella, 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, *2-3 (W.D.N.C. Mar. 16, 2020). "Simply put, the coronavirus is not tantamount to a 'get out of jail free' card." United States v. Williams, PWG13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020).

### A. Extraordinary and Compelling Reasons

The United States Court of Appeals for the Fourth Circuit has recognized that "arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19." United States v. High, 997 F.3d 181, 185 (4th Cir. 2021). In determining whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, courts have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility. See United States v. Brady, S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (citing and gathering cases). Thus, compassionate release motions amid the COVID-19 pandemic require a "fact-intensive" inquiry. See United States v. Shakur, No. 82 CR 312 (CSH), 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020).

> According to the CDC:
>
> Overweight (defined as a body mass index (BMI) ≥ 25 kg/m2 but < 30 kg/m2), obesity (BMI ≥ 30 kg/m2 but < 40 kg/m2), or severe obesity (BMI of ≥ 40 kg/m2), <u>can</u> make you more likely to get severely ill from COVID-19. The risk of severe COVID-19 illness <u>increases sharply with elevated BMI</u>.

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (emphasis added). Further: "In 2017–2018, the age-adjusted prevalence of obesity in adults was 42.4%, and there were no significant differences between men and women among all adults or by age group." https://www.cdc.gov/nchs/products/databriefs/db360.htm.

It appears that the obesity rate in this country has only risen in recent years.[1] Thus, it is almost as likely as not that defendant would be obese. Severe obesity is not alleged here. The CDC recognizes that not all obesity is the same when it comes to COVID-19 outcomes, stating that "[t]he risk of severe COVID-19 illness increases sharply with elevated BMI." Severe obesity affects a smaller portion of the population and appears

---

[1] "The number of states in which at least 35% of residents have obesity has nearly doubled since 2018 – and disparities persist – according to new data from the Centers for Disease Control and Prevention." CDC Media Statement: September 15, 2021, https://www.cdc.gov/media/releases/2021/s0915-obesity-rate.html.

5

to present a greater risk of complications.[2]  The court finds that the ubiquitous condition of slight obesity does not present a compelling and extraordinary reason for defendant's release. See United States v. Savoy, No. 1:08CR00272-3, 2020 WL 6733683, at *3 (M.D.N.C. Nov. 13, 2020) (collecting cases) ("Indeed, other courts that have considered the issue have held that obesity alone is insufficient to constitute 'extraordinary and compelling reasons.'").  While obesity along with other conditions may result in a different outcome, the other conditions alleged here, shortness of breath and anxiety, are insufficient.

    **B.**    **Section 3553(a) Sentencing Factors**

Even if the court were to conclude that defendant has presented an extraordinary and compelling reasons for release (and he has not), the factors set forth in 18 U.S.C. § 3553(a) compel the denial of defendant's motion.  These factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for

---

[2] This is not to say that severe obesity, by itself, would be sufficient.  That issue is not before the court.  The point is that the extent of obesity is important to the analysis.

the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).

Applying these factors to defendant, the court finds that granting defendant's motion for compassionate release would be inconsistent with the sentencing factors set forth in § 3553(a). The sentenced imposed is already lighter than the guidelines called for.  To grant defendant's motion would be to exempt him from serving any of that sentence.[3]  The court acknowledges that the amount of time remaining on the original sentence is but one factor that it should and has considered.  See United States v. Kibble, 992 F.3d 326, 331 (4th Cir. 2021) (noting that the court was entitled to consider amount of time defendant served as one factor in the § 3553(a) analysis).

---

[3] Adding home confinement as a special condition of supervised release, in lieu of incarceration at a Bureau of Prisons facility, would not fulfill the purposes of sentencing here.

A number of district courts have likewise declined to grant compassionate release motions where a defendant has served a small fraction of his or her sentence of incarceration. See United States v. Lonich, Case No. 14-cr-00139-SI-1, 2020 WL 2614874, at *3 (N.D. Cal. May 21, 2020) (denying motion despite COVID-19 outbreaks in the facility and defendant being 65 years old and having medical conditions that make him particularly vulnerable, because "the Court finds it significant that defendant[] ha[s] served far less than half of [his] sentence[]"); United States v. Pawlowski, CRIMINAL ACTION No. 17-390-1, 2020 WL 2526523, at *7 (E.D. Pa. May 18, 2020) (denying motion for compassionate release where defendant had "served only a small fraction of his sentence to date").

Further, although the instant offense appears to have been non-violent, the same cannot be said for defendant's criminal history as a whole, which was relevant to the sentence this court imposed. His criminal history includes serving as a collector of drug debts by extortionate means, as well as membership in a reportedly violent street gang. The court finds that the sentence reduction defendant requests would be entirely inconsistent with the sentencing factors set forth in § 3553(a).

A sentence of 15 months of imprisonment was necessary to achieve the goals of sentencing, and a reduction of the magnitude that defendant seeks would run counter to those objectives.

### III. Conclusion

Having considered the entire record in this matter, including the parties' filings related to the instant motion, the court concludes that defendant has not presented extraordinary and compelling reasons that would justify his release.  Furthermore, even if such extraordinary and compelling circumstances were present, a sentence reduction would not serve the sentencing objectives of 18 U.S.C. § 3553(a).  Therefore, the court **DENIES** defendant's motion for compassionate release.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 4th day of February, 2022.

ENTER:

David A. Faber
Senior United States District Judge